IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| Robert Dwonn Lee<br><br>Plaintiff,<br><br>v.<br><br>West Central Texas Collection Bureau,<br>Experian Information Solutions, Inc.,<br><br><br>Defendant(s). | CIVIL COMPLAINT<br><br>CASE NO. 1:22-cv-00071<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT**

Plaintiff, Robert Dwonn Lee (hereinafter "Plaintiff"), by and through his undersigned attorney, by way of Complaint against Defendants, West Central Texas Collection Bureau ("WCTCB") and Experian Information Solutions, Inc. ("Experian") alleges as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices as the FCRA prohibits furnishers of credit information to falsely and inaccurately report consumers' credit information to credit reporting agencies.

**PARTIES**

2. Plaintiff, Robert Dwonn Lee, is an adult citizen of the state of Texas, resident of Brownwood, TX.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

4. Defendant WCTCB is a collection agency which furnishes consumer credit information to consumer reporting agencies. It has its principal place of business located at 1133 N. 2nd St., Abilene, TX 79601. On information and belief, WCTCB is a family-owned unincorporated business.

5. Defendant Experian is a corporation organized and existing under the laws of the state Ohio and engages in the business of maintaining and reporting consumer credit information in the state of Texas. It has a registered office at 1999 Bryan Street, Suite 900, Dallas, TX 75201.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action arise out of 15 U.S.C. § 1681 and 15 U.S.C. § 1681p, which provide that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States District Court, without regard to the amount in controversy.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b)(1) because all defendants are residents of the state of Texas. Venue is also appropriate pursuant to 28 U.S.C. § (b)(2) because Plaintiff and Defendant WCTCB reside within this district and a substantial part of the events and omissions giving rise to the herein claims occurred within this district.

**FACTUAL ALLEGATIONS**

8. The consumer report complained of is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. §

6

1681a(d)(1) of the FCRA.

9. On or about May 31, 2016, non-party Clinical Pathology Associates provided medical services to Plaintiff, and thereafter placed for collection with Defendant WCTCB account number ending in 7535. The account was routinely reported on Plaintiff's consumer credit report by Defendant WCTCB.

10. On February 19, 2021, Plaintiff filed for Chapter 7 bankruptcy protection in the United States Bankruptcy Court for the Northern District of Texas, case no. 21-60013. The filed bankruptcy petition included the medical services debt with Defendant WCTCB within the debts scheduled for discharge. WCTCB was duly notified of Plaintiff's bankruptcy proceeding by the US Bankruptcy Court for the Northern District of Texas. The debt at issue was never reaffirmed.

11. Upon successful completion of all legal requirements, on May 27, 2021, the Bankruptcy Court granted Debtor a discharge of his personal liability for his debts. Since the debt collected by WCTCB was listed in Plaintiff's bankruptcy petition and not reaffirmed, Plaintiff's personal liability for said debt was duly discharged by virtue of bankruptcy law.

12. However, *2 months after* the Bankruptcy Court's issuance of the Discharge Order, Plaintiff's account ending with 7535 with WCTCB continued to be negatively reported and with a balance of $228.

13. In particular, in the requested credit report issued on July 28, 2021 by Defendant Experian, Plaintiff's debt to WCTCB was reported with a status of "Seriously past due date / assigned to attorney, collection agency, or credit grantor's internal collection department" with a balance of $228.

14. The trade line for the account was inaccurately reported by Defendant

7

Experian. Because his personal liability for the account was discharged as evidenced by the Discharge Order, the account must be reported as discharged with a balance of $0.00.

15. Via letter dated August 3, 2021 mailed to Defendant Experian, Plaintiff notified the defendants of a dispute concerning the WCTCB account reporting's completeness and/or accuracy.

16. Therefore, Plaintiff disputed the accuracy of the derogatory information reported by Defendant WCTCB to the Consumer Reporting Agencies via mail, in accordance with 15 U.S.C. § 1681(i) of the FCRA.

17. Not having received a response to his dispute letter from either defendant, on September 21, 2021, Plaintiff requested an updated credit report for review. The tradeline for the WCTCB account remained inaccurate, as Defendants failed to correct the inaccuracy. In particular, the WCTCB account ending in 7535 continued to be reported as "Seriously past due date / assigned to attorney, collection agency, or credit grantor's internal collection department" with a balance of $228.

18. Defendant Experian did not notify Defendant WCTCB of the dispute by Plaintiff in accordance with the FCRA, or alternatively, did notify WCTCB and said defendant failed to properly investigate and delete the tradeline or properly update the tradeline on Plaintiff's credit report.

19. If WCTCB did perform a reasonable investigation of Plaintiff's dispute with Experian, the WCTCB account would be updated to reflect it with a status of discharged through Bankruptcy Chapter 7 with a balance of $0.00.

20. Defendant WCTCB has the obligation pursuant to the FCRA to accurately update accounts, but WCTCB has nonetheless willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth

under the FCRA. This action has resulted in the intended consequences of inaccurate information remaining on Plaintiff's credit report. In the alternative, WCTCB never received from Experian the complete and accurate dispute letter Plaintiff sent to Experian on August 3, 2021.

21. Defendants failed to properly maintain and to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, concerning the account in question, thus violating the FCRA. These violations occurred before, during, and after the dispute process began with Defendant Experian.

22. At all relevant times, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

23. At all times relevant here, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## CLAIM FOR RELIEF

24. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

25. Experian is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).

26. WCTCB is a business entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

27. WCTCB is reporting inaccurate credit information concerning Plaintiff to one

or more credit bureaus as defined by 15 U.S.C. § 1681a of the FCRA.

28. Plaintiff notified Defendants directly of a dispute on the account's completeness and/or accuracy, as reported.

29. WCTCB failed to promptly modify the inaccurate information on Plaintiff's credit report in violation of 15 U.S.C. § 1681s-2(b).

30. Experian failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's dispute concerning his account with WCTCB

31. Experian failed to maintain and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b).

32. As a result of these violations of the FCRA, Plaintiff suffered actual damages in one or more of the following categories: lower credit score, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, rejection of credit card application, higher interest rates on loan offers that would otherwise be affordable and other damages that may be ascertained at trial.

33. In particular, it has been a year since the debt with WCTCB was discharged and eliminated by virtue of bankruptcy law, and it still appears as outstanding and delinquent in Mr. Lee's credit report with Experian.

34. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

**WHEREFORE**, Plaintiff demands that judgment in the sum of $40,000.00 be entered against Defendants as follows:

1. That judgment be entered against Defendants for actual damages

    pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

2. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

3. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

4. That the Court grant such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury of all issues so triable.

Respectfully Submitted,                         Dated: May 24, 2022

By: */s/ Carlos C. Alsina-Batista*
Carlos C. Alsina-Batista TX Bar #24111072
**Wajda & Associates, APC**
10000 North Central Expressway, Suite 400
Dallas, Texas 75231
(888) 213-0169 (phone)
(888) 501-4395 (fax)
calsinabatista@recoverylawgroup.com

*Attorneys for Plaintiff, Robert Dwonn Lee*